# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7327 | **DATE** | June 23, 2011 |
| **CASE TITLE** | *Hunter v. Schneider National Carriers, Inc.,* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the defendant's motion to dismiss or for summary judgment [15-1] is granted. The clerk is directed to enter a Rule 58 judgment and terminate the case from the court's docket.

■[ For further details see text below.]

00:00

## STATEMENT

Maurice Hunter filed suit against Schneider National Carriers alleging discrimination and retaliation under Title VII, the Americans with Disabilities Act, and the Age Discrimination Employment Act. Schneider moves to dismiss and/or for summary judgment as to the claims in the first amended complaint on the ground that Hunter failed to file it within 90 days of having received his right to sue letter from the Equal Employment Opportunity Commission. The plaintiff did not file a response. For the reasons stated below, the motion is granted.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a); see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Valenti v. Qualex, Inc.*, 970 F.2d 363, 365 (7th Cir. 1992), *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Moreover, a court should grant a motion for summary judgment only when the record shows that a reasonable jury could not find for the nonmoving party. *See Valenti*, 970 F.2d at 365; *see also Anderson*, 477 U.S. at 248.

Thus, in order to withstand a motion for summary judgment, the nonmoving party must show that a dispute about a genuine issue of material fact exists. *See Anderson*, 477 U.S. at 248. The nonmoving party may not merely rest upon the allegations or details in his pleading, but instead, must set forth specific facts showing there is a genuine issue for trial. *See Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248. Because the plaintiff has failed to respond to the motion, the defendant's statements of fact are deemed admitted. L.R. 56.1(b)(3)(C) ("[a]ll material facts set forth in the statement required of the moving party will be deemed admitted unless controverted by the statement of the opposing party.").

## STATEMENT

    A plaintiff has 90 days from the date he receives a right-to-sue letter from the EEOC to file a federal lawsuit under the ADA, the ADEA and Title VII. *See* 42 U.S.C. § 12117(a); 29 U.S.C. § 626(e); 42 U.S.C. § 2000e–5(f)(1) ("If a charge filed with the Commission ... is dismissed by the Commission, ... the Commission ... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge ... by the person claiming to be aggrieved ....").

    Schneider contends that the EEOC issued a right to sue letter to the plaintiff on August 13, 2010, via certified mail with identifying number 7010 1670 3287 5886. Defendant's Exh. 2. A printout from the United States Post Office website shows that the item sent with identifying number 7010 1670 3287 5886 was delivered at 5:45 PM on August 14, 2010. Defendant's Exh. 3. Ninety days from August 14, 2010, was November 12, 2010. However, the plaintiff did not file his complaint until November 15, 2010, three days beyond the 90-day limitations date. The plaintiff, who filed this lawsuit pro se but is now represented by counsel, has failed to respond to Schneider's motion.

    Because the information submitted by Schneider indicates that the lawsuit was filed beyond the requisite 90-day time period, and the plaintiff has not provided the court with any basis on which to conclude that the facts upon which the determination has been made are inaccurate, the calculation is incorrect or the limitations period should be tolled, Schneider's motion for summary judgment is granted.

RH/p